UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MYLES CHILDRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00580-JAR |
| | ) | |
| JOHN DOE and WAL-MART STORES | ) | |
| EAST I, LP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is matter is before the Court on Plaintiff Myles Childress's Motion for Leave to Amend his Complaint.  ECF No. 31.  Defendants have not filed a response, and their time to do so has passed.  This matter is now ripe for disposition.  For the reasons set forth below, Plaintiff's Motion will be granted.

On May 2, 2023, Plaintiff filed his initial Petition in the Circuit Court of St. Louis County, Missouri.  ECF No. 1-2.  On November 30, 2023, Plaintiff filed a First Amended Petition .  ECF No. 1-16.  Plaintiff's First Amended Petition raises five counts against Defendants John Doe and Wal-Mart related to an incident on October 20, 2018, in which Plaintiff was allegedly partially crushed while unloading a delivery truck at a Wal-Mart Store located in St. Louis County, Missouri.  Plaintiff raises one count of negligence against Defendant John Doe (Count I); one count of vicarious liability against Wal-Mart related to John Doe's alleged negligence (Count II); one count of negligent hiring against Wal-Mart (Count III); one count of negligent training against Wal-Mart (Count IV); and one count of negligent supervision against Wal-Mart (Count V).  On April 22, 2024, Defendants removed this case to this Court based on the Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1446.  ECF No. 1.

On November 4, 2024, Plaintiff filed the instant Motion requesting leave to file an Amended Complaint under Federal Rule of Civil Procedure 15.  ECF No. 31.  Plaintiff explains that through discovery he has learned of additional facts that are relevant to his claims against Wal-Mart.  Plaintiff also wishes to voluntarily dismiss all claims against Defendant John Doe.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and "[t]he court should freely give leave when justice so requires."  Though Plaintiff does not indicate whether Defendants consent to the amendment, Defendants have not raised any objections nor have they filed a response to Plaintiff's Motion.  The Court finds that amendment is proper under these circumstances and will grant Plaintiff's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend his Complaint is **GRANTED**.  ECF No. 31.  The Clerk of Court is directed to detach Plaintiff's proposed Amended Complaint (ECF No. 31-1) and separately filed it as Plaintiff's Second Amended Complaint.

A separate Order of Dismissal shall accompany this Order.

Dated this 27th day of November, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE