UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MYLES CHILDRESS, | ) |
| Plaintiff, | ) |
| v. | )  No. 4:24-cv-00580-JAR |
| WAL-MART STORES EAST I, LP, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Myles Childress' motion to quash the deposition of Prairie Spine & Pain Institute of Southern Illinois. ECF No. 44. Plaintiff has also submitted a memorandum of law in support. ECF No. 45. Defendant Wal-Mart Stores East I, LP, filed a response. ECF No. 61. Plaintiff has not filed a reply, and his time to do so has passed. This matter is now fully briefed and ripe for disposition. For the reasons set forth below, the motion will be denied.

Plaintiff asks the Court to quash the Rule 30(b)(6) deposition noticed for Prairie.[1] Plaintiff first argues that Defendant's notice of deposition sets out topics that apply only to Dr. Richard Kube, one of Plaintiff's treating physicians, and not to Prairie's practice as a whole. Plaintiff states that Dr. Kube was previously deposed on September 30, 2024, and the notice is simply Defendant's attempt to make Dr. Kube sit for a second deposition. Plaintiff contends that because Defendant is in effect asking Dr. Kube to sit for a second deposition, under Federal Rule of Civil Procedure 26(b)(2)(A), Defendant must obtain leave of Court because Plaintiff has not

---

[1] The Court notes that what Plaintiff characterizes as a notice of deposition is actually a Subpoena to Testify at Deposition under Federal Rule of Civil Procedure 45 instructing Prairie to produce a corporate representative and documents related to a set of topics.

stipulated to Dr. Kube's deposition being taken a second time.  Plaintiff further contends that the matters noticed for deposition were already addressed in Dr. Kube's previous deposition and therefore this Court should quash the deposition as "unreasonably cumulative or duplicative" under Rule 26(b)(2).

Defendant argues in its response that it has not noticed Dr. Kube for a second deposition but instead noticed a deposition for a corporate representative of Prairie under Rule 30(b)(6).  Defendant emphasizes that the choice of corporate representative is left to the corporate entity and not to the party noticing the deposition, and therefore Prairie is not required to produce Dr. Kube but could instead produce any other representative qualified to discuss the noticed topics.  Defendant further contends that, contrary to what Plaintiff states in his motion, the topics noticed for deposition are not limited to Dr. Kube but address the entirety of Prairie's practice.

Finally, Defendant cites to *Van Oyen v. MSH Chevrolet Cadillac, Inc.*, No. 4:19-cv-2561-SNLJ, 2021 WL 791241, at *1 (E.D. Mo. Mar. 2, 2021) for support.  In *Van Oyen*, this Court granted in part and denied in part a motion to quash raising similar concerns.  There, the corporate defendant argued that the plaintiff should be prohibited from taking second depositions of two individuals who had already testified in their individual capacity but would have to sit for second depositions as corporate representatives because of the small size of the company.  The Court eventually permitted the plaintiff to take deposition of these witnesses as 30(b)(6) representatives, but only after the defendant first designated what previous testimony from these same witnesses it would adopt as corporate testimony.  The Court provided that the corporate representatives then could only be deposed on those topics that remained after the defendant made the designations.

The Court has reviewed the parties' arguments and submissions and finds no basis to quash the deposition of Prairie's 30(b)(6) corporate representative. Despite Plaintiff's assertions to the contrary, Defendant has not noticed Dr. Kube for a second deposition but has instead served Prairie with a subpoena to produce a corporate representative. While Prairie may ultimately choose to produce Dr. Kube as its corporate representative, it is free to choose any other employee who has knowledge of the topics Defendant has noticed.

Additionally, the noticed topics are not limited to questions regarding Dr. Kube's work, but instead are directed at Prairie's operations as a whole. *See* ECF No. 44-1 at 5 (list of topics Defendant expects Prairie's corporate representatives to be knowledgeable of, each of which specifying that it applies to "Dr. Richard Kube MD *or any employee or agent of* Prairie Spine & Pain Institute, SC, Prairie Spine & Pain Institute of Southern Illinois, LLC, Prairie SurgiCare, LLC, or any other entity affiliated with or owned by, in whole or in part, Dr. Richard Kube . . . ."). These topics are appropriately noticed for the deposition of the corporate witness.

A review of the submitted excerpts from Dr. Kube's first deposition also indicates that Defendant arguably asked Dr. Kube about one of the noticed topics, but the question appears directed specifically to Dr. Kube and not to Prairie's practice as a whole. *See* ECF No. 44-2 at 94:24–95:20 (Defendant asking Dr. Kube whether it is true that "about 15 percent of your patients are involved in some sort of litigation . . . ?"). There is no basis to find that the noticed topics seek duplicative or redundant testimony.

For these reasons, the Court will deny Plaintiff's motion to quash.

3

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to quash the deposition of Prairie Spine & Pain Institute of Southern Illinois (ECF No. 44) is **DENIED**.

Dated this 5th day of June, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE